IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT L. SLACK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:15-cv-01853-JCH |
|  | ) |  |
| DEPARTMENT OF THE ARMY, et al.,[1] | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, filed on February 11, 2016. (ECF No. 3.) The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

On December 14, 2015, Plaintiff Robert Slack filed the instant action against the Department of the Army and the Secretary of the Department of the Army, asserting age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ("ADEA"). (Compl., ECF No. 1.) In his Complaint, Slack alleges as follows. Slack, age 70, began his employment with the United States Army Corps of Engineers in June 1988. At all relevant times, he was employed as a Master Towboat Operator in St. Louis, Missouri, which is a supervisory position, and for which he possessed a Master of Towing License. In March 2010, an opening became available for the position of Towboat Operator in Gasconade or Napolean,

---

[1]Slack also named as a defendant John M. McHugh, in his official capacity as the Secretary of the Department of the Army. Because Mr. McHugh is no longer Secretary, his successor, Patrick J. Murphy, is substituted as the proper party defendant. *See* Fed. R. Civ. P. 25(d).

Missouri (hereinafter, the "Position"), which is closer to Slack's home. Slack applied and was deemed qualified for the Position. Ultimately a younger candidate, who was born in 1962, was selected. Slack was a "more highly qualified and experienced towboat operator than [the selected candidate]." *Id.* ¶¶ 4, 14-16, 18-19, 24-26, 30-33. "Defendants did not select [Slack] for the [P]osition due to his age." *Id.* ¶ 43.[2]

Defendants now move for dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Slack has failed to state a claim under the ADEA. (ECF No. 3)

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must "construe the complaint liberally and in the light most favorable to the plaintiff." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," however, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[2] Slack also alleges in his Complaint that the Position had been previously posted in September 2009; that the same younger candidate had been selected over him, but had turned down the offer; and that the agency subsequently closed the opening without making a selection. (Compl. ¶¶ 20-29.) In his Opposition to Defendants' Motion, however, Slack clarifies that he does not intend to raise a separate claim of discrimination in connection with the September 2009 job posting. (ECF No. 7 at 4.) Therefore, the Court need not address Defendants' argument in their Motion that such a claim should be dismissed as untimely. (ECF No. 3 at 4-6.)

2

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

### **DISCUSSION**

The ADEA prohibits discrimination against employees, age 40 and over, because of their age. 29 U.S.C. §§ 623(a)(1), 631(a). "In order to prove his claim, [a plaintiff] must show, by a preponderance of the evidence, that age was the "but for" cause of the challenged adverse employment action." *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 468 (8th Cir. 2011) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)). Where a plaintiff relies on circumstantial rather than direct evidence of age discrimination, "his claims are analyzed under the familiar burden-shifting scheme of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973)." *Id.* (applying *McDonnell Douglas* framework to ADEA claim); *see also Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012) (under *McDonnell Douglas*, prima facie case of age discrimination requires showing that (1) plaintiff was over 40 years old, (2) he was qualified for position, (3) he suffered adverse employment action, and (4) substantially younger, similarly-situated individual was treated more favorably). However, *McDonnell Douglas* is "an evidentiary standard, not a pleading requirement," and "a plaintiff need not plead facts establishing a prima facie case of discrimination…in order to defeat a motion to dismiss." *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002)).

As a preliminary issue, Defendants argue in their Motion that the candidate who was selected for the Position was the most qualified applicant, based on his resume and his level of experience, and that he was ranked highest by the selecting officials. (ECF No. 3 at 6-10.) Although Defendants have not moved in the alternative for summary judgment, for support they

rely upon and have attached to their Motion exhibits, which consist of documents outside the pleadings. (ECF No. 3.1-3.6.)

Under Federal Rule of Civil Procedure 12(d), if, on a motion to dismiss for failure to state a claim, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." When matters outside the pleadings are presented on a motion to dismiss, the court may either treat the motion as one for summary judgment and provide the parties with an opportunity to provide additional materials, or treat it as one to dismiss and exclude the matters outside the pleadings. *See Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992). While the Court could convert the Motion to one for summary judgment, such conversion would be premature at this time, as the Court has not yet held a Rule 16 conference or issued a case management order. Therefore, the Court declines to consider the exhibits submitted by Defendants and will exclude them from consideration of the Motion.

Defendants also argue, more generally, that Slack has failed to allege sufficient facts to support his "conclusory opinion[s]" that he was more qualified for the Position and that the hiring decision was motivated by age discrimination. (ECF No. 3 at 4, 10.)

Upon consideration, the Court concludes that dismissal is not appropriate at this time. In his Complaint, Slack alleges that he belonged to a protected class, was qualified for the Position, and was not selected for the Position, and that a younger, less-qualified applicant was hired. Slack also alleges that he was not selected for the Position "due to" his age. The Court finds that these allegations are sufficient to state a claim under the ADEA. *See Sherrard v. Boeing Co.*, No. 4:13-CV-1015 CEJ, 2013 WL 5786638, at *3 (E.D. Mo. Oct. 28, 2013).

Finally, Defendants argue that the Department of the Army is not a proper defendant in this matter and should be dismissed. (ECF No. 3 at 10-11.) The only proper defendant in an

employment discrimination action by a government employee is the head of the department, agency, or unit. *See Barhorst v. Marsh*, 765 F. Supp. 995, 999 (E.D. Mo. 1991) (citing, inter alia, *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986)). Slack effectively concedes this point in his Opposition to Defendants' Motion. (ECF No. 7 at 9.) Therefore, the Department of the Army will be dismissed as a defendant in this action.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall substitute Patrick J. Murphy, in his capacity as the Acting Secretary of the Department of the Army, as the proper party defendant.

**IT IS FURTHER ORDERED** that the Department of the Army is dismissed as a defendant in this action.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 2) is **DENIED**.

Dated this 11th day of March, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE