# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT L. SLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cv-01853-JCH |
| ) | |
| ROBERT M. SPEER,[1] ) | |
| ACTING SECRETARY OF THE ARMY ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, filed on March 13, 2017. (ECF No. 20.) The Motion has been fully briefed and is ready for disposition. Also pending before the Court is Plaintiff's Motion to Strike Exhibits D and E to Defendant's Motion for Summary Judgment and Portions of Testimony of James Rudy and Douglas Jump. (ECF No. 38.) For the reasons set forth below, the Court will grant Defendant's Motion. Because the Court does not base its summary judgment determination upon the exhibits or testimony objected to in Plaintiff's Motion, the Court will also deny Plaintiff's Motion as moot.

## BACKGROUND

On December 14, 2015, Plaintiff Robert Slack filed this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), alleging that he had applied for a towboat operator position with the Department of the Army, and that because of his

---

[1] Robert M. Speer, the Acting Secretary of the Department of the Army, is substituted as the proper party defendant. *See* Fed. R. Civ. P. 25(d).

age he was not selected. (ECF No. 1.) The summary judgment record reveals the following undisputed facts.

From 2008 to the time of the relevant job posting, Plaintiff, age 72, was employed by the U.S. Army Corps of Engineers ("Corps") as a Master Towboat Operator stationed on the Mississippi River. Plaintiff had received a Master of Towing License from the U.S. Coast Guard in 2005, and he had assisted with and operated various towboats, primarily on the Mississippi River, since 2001.

In March 2010, Plaintiff applied for a towboat operator position with the Corps on the Missouri River (hereinafter, the "Position"). The Position was ultimately offered to and accepted by David Heye, who is approximately seventeen years younger than Plaintiff. Mr. Heye had received a Master of Towing License from the U.S. Coast Guard in 2004, he had prior experience as the Officer in Charge (a position equivalent to that of Master Towboat Operator) of a U.S. Coast Guard towboat stationed on the Missouri River from 2005 until 2009, and he had experience as the Officer in Charge of U.S. Coast Guard vessels dating back to 1997.

The selecting officials for the Position were Corps supervisors James Rudy and Douglas Jump. Mr. Rudy and Mr. Jump independently ranked the candidates' resumes. Mr. Rudy utilized the following criteria: (1) Coast Guard towboat operator's licensure; (2) towboat operator experience; (3) Missouri River experience; (4) input from current supervisor or references; and (5) miscellaneous information, such as awards, specialized education, type of discharge from the military, etc. Mr. Jump exclusively considered experience on the Missouri River, since candidates with such experience would require less training and instruction. No interviews were held for any of the candidates, and neither Mr. Rudy nor Mr. Jump had ever met Plaintiff or Mr. Heye. Of the top eight candidates, both Mr. Rudy and Mr. Jump ranked Mr.

Heye first, Mr. Rudy ranked Plaintiff fifth, and Mr. Jump ranked Plaintiff fourth. (Def. Statement of Uncontroverted Material Facts, ECF No. 22, ¶¶ 3, 6, 9, 14-22, 43-47, 49, 52-54, 56-59.)

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences that may be drawn from the record. *See Hott v. Hennepin Cnty., Minn.*, 260 F.3d 901, 904-05 (8th Cir. 2001).

The moving party bears the burden of showing the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When a summary judgment motion is properly supported by evidence, the burden then shifts to the non-moving party who must set forth affirmative evidence showing that there is a genuine issue for trial. *See id*. at 256-57. The non-moving party may not rest on the allegations in his pleadings, but must set forth specific facts showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(c); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *See Armour & Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993).

## DISCUSSION

The ADEA prohibits discrimination against employees, age 40 and over, because of their age. 29 U.S.C. §§ 623(a)(1), 631(a). "In order to prove his claim, [a plaintiff] must show, by a preponderance of the evidence, that age was the 'but for' cause of the challenged adverse

employment action." *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 468 (8th Cir. 2011) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)). Where, as here, a plaintiff relies on circumstantial rather than direct evidence of age discrimination, "his claims are analyzed under the familiar burden-shifting scheme of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973)." *Id.* (applying *McDonnell Douglas* framework to ADEA claim).

Under the *McDonnell Douglas* framework, a plaintiff must first establish a prima facie case of age discrimination by showing (1) that he was in the protected age group (over 40), (2) that he was qualified for the position, (3) that he was not hired, and (4) that a younger person was hired. *See Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 515 (8th Cir. 2011); *see also Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012). Once the plaintiff establishes a prima facie case of discrimination, the burden of production then shifts to the employer to "articulate a legitimate nondiscriminatory reason for its employment action." *Tusing*, 639 F.3d at 515 (quotation and citation omitted). If the employer meets its burden, the burden "shifts back to the employee to demonstrate by a preponderance of the evidence that the stated non-discriminatory rationale was a mere pretext for discrimination." *Id.* (quotation and citation omitted). "To survive summary judgment, an employee must both discredit the employer's articulated reason and demonstrate the circumstances permit a reasonable inference of discriminatory animus." *Johnson v. Securitas Sec. Servs. USA, Inc.*, 769 F.3d 605, 611 (8th Cir. 2014) (quotation and citation omitted).

Defendant argues that Plaintiff has failed to establish a prima facie case of age discrimination because the record shows that Mr. Heye was more qualified for the Position, and that Plaintiff was therefore not similarly situated to Mr. Heye. Defendant further argues that Plaintiff cannot demonstrate pretext, as he has failed to show that Defendant's proffered reason

4

for hiring Mr. Heye (i.e., Mr. Heye's superior qualifications) was false, and that age was the real reason behind the employment action. (ECF No. 21.)

Plaintiff counters that he need not establish that Mr. Heye was similarly situated to him in order to make a prima facie showing of failure-to-hire age discrimination, and that there exists a genuine issue of material fact regarding whether Mr. Heye was more qualified than Plaintiff, and thus whether Defendant's proffered reason for its hiring action was a mere pretext. Plaintiff argues that his qualifications—specifically, his over twenty years of experience with the Corps, his experience operating tow boats for approximately eight or nine years, and his Master of Towing license on western rivers—exceeded those of Mr. Heye's.[2] (ECF No. 37.)

Assuming Plaintiff has succeeded in establishing a prima facie case of age discrimination, the Court nevertheless concludes that he has failed to offer sufficient evidence to raise a genuine issue of material fact regarding whether Defendant's proffered reason for its employment action was merely a pretext for age discrimination. *See Tusing*, 639 F.3d at 515. Contrary to Plaintiff's assertions that he was more qualified for the Position, the summary judgment record demonstrates beyond genuine dispute that, compared to Plaintiff, Mr. Heye had his Master of Towing license for longer and possessed more experience on the Missouri River and as an Officer in Charge, and that the selecting officials considered these factors in ranking the candidates' resumes. *See Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 793 (8th Cir. 2011) (fact that plaintiff may have been capable of filling role, or that he had specific strengths as candidate, did not show pretext); *Wingate v. Gage Cnty. Sch. Dist., No. 43*, 528 F.3d

---

[2] To the extent Plaintiff argues that Defendant's failure to hire him for essentially the same position in 2009 serves as evidence of pretext, the Court disagrees. Neither Mr. Rudy nor Mr. Jump were involved as selecting officials in connection with the 2009 job posting, and without additional information regarding how the candidates, including Plaintiff, were evaluated at that time, a reasonable juror could not infer that Defendant "makes discriminatory hiring decision[s]." (ECF No. 37 at 10.)

1074, 1079-80 (8th Cir. 2008) (if comparison of plaintiff and selected candidate reveals that plaintiff was only similarly qualified or not as qualified as selected candidate, then no inference of age discrimination arises); *see also Torgerson v. City of Rochester*, 643 F.3d 1031, 1051 (8th Cir. 2011) (en banc) (plaintiff has burden to prove that he and top applicant were similarly situated in all relevant respects—"a rigorous standard at the pretext stage"); *Kincaid v. City of Omaha*, 378 F.3d 799, 805 (8th Cir. 2004) ("[I]t is the employer's role to identify those strengths that constitute the best qualified candidate….[T]he employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of business judgments, except to the extent that those judgments involve intentional discrimination").

In view of the foregoing, the Court finds that Defendant is entitled to summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall substitute Robert M. Speer, in his capacity as the Acting Secretary of the Department of the Army, as the proper party defendant.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Exhibits D and E to Defendant's Motion for Summary Judgment and Portions of Testimony of James Rudy and

6

Douglas Jump (ECF No. 38.) is **DENIED** as moot.

Dated this __7th__ day of June, 2017.

                                                /s/   Jean C. Hamilton
                                                UNITED STATES DISTRICT JUDGE